IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

SYLVIA BRAGGS and CHRIS BRAGGS,  )
                                  )
              Plaintiffs,         )
                                  )
      v.                          )          CIVIL ACTION NO. 3:15CV468-SRW
                                  )
GRAYHAWK HOMES, INC.,             )
                                  )
              Defendant.          )

**MEMORANDUM OF OPINION and ORDER**

Plaintiffs Sylvia and Chris Braggs sue defendant Grayhawk Homes, Inc.
("Grayhawk"), and fictitious defendants, asserting several state law claims arising from a
contract for the purchase of a new home.  Grayhawk removed the action to this court from
the Circuit Court of Russell County, Alabama, pursuant to 28 U.S.C. §§ 1332 and 1441, on
the basis of diversity of citizenship.  This action is presently before the court on defendant's
motion to compel arbitration and to dismiss plaintiffs' claims or, in the alternative, to stay
proceedings pending arbitration.  (Doc. # 9).  Although they were given an opportunity to do
so, plaintiffs have not responded to the motion.  (See Doc. # 10).  The parties have consented
to the jurisdiction of the undersigned Magistrate Judge to conduct all proceedings in this
action, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c).  (Docs. ## 11,
12).

Upon consideration of defendant's motion, the court concludes that the motion to
compel arbitration is due to be granted; that plaintiffs' claims against Grayhawk Homes, Inc.,

are due to be dismissed without prejudice; and that plaintiffs' claims against the fictitious

party defendants are due to be remanded to state court.

## BACKGROUND

On April 19, 2013, plaintiffs entered into a "New Construction Purchase and Sale

Agreement" for the purchase of a new home from Grayhawk.  (Exhibit B to Erickson aff.).

Plaintiffs allege that, with a few weeks of moving into their new home, they noticed several

construction defects that have greatly diminished the value of their home and that defendant

failed to cure the defects.  (Complaint, ¶¶ 7-11).  They bring claims against Grayhawk for

breach of contract, negligence, wantonness, and breach of warranty.[1]  Grayhawk contends

that plaintiffs signed arbitration agreements in connection with the transaction at issue that

bind them to submit the present dispute to arbitration.

## DISCUSSION

The Federal Arbitration Act, Title 9 of the United States Code, provides that "[a]

written provision in . . . a contract evidencing a transaction involving commerce[2] to settle by

---

[1] Plaintiffs assert two claims against fictitious defendants A through Z (Counts VII and VIII) but have filed no motion to substitute any named defendant for a fictitious party. Thus, Grayhawk is the sole named defendant.

[2] The United States Supreme Court has interpreted the term "involving commerce" in the Federal Arbitration Act as providing for enforcement of arbitration agreements "'within the full reach of the Commerce Clause[.]'" Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 56 (2003)(citation omitted).  Defendant's President, David Erickson, avers that "[a] great majority of materials used in the construction of the subject home were purchased outside of the State of Alabama and transported across state lines into Alabama," that some of the subcontractors were from outside of Alabama and traveled into Alabama to work on the home, and that Grayhawk  employees from Georgia also traveled into Alabama to supervise the construction. (Erickson aff., ¶¶ 5-6). Defendant's evidence is uncontroverted, and the court concludes that the "involving commerce"

arbitration a controversy thereafter arising out of such contract or transaction, or the refusal

to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable, save

upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.

§ 2. Section 4 of the Act allows a party to an agreement containing an arbitration provision

to petition the court for an order compelling the other party to arbitrate. "[U]pon being

satisfied that the making of the agreement for arbitration or the failure to comply therewith

is not in issue, the court shall make an order directing the parties to proceed to arbitration in

accordance with the terms of the agreement." 9 U.S.C.§ 4. "Parties cannot be forced to

submit to arbitration if they have not agreed to do so." Chastain v. Robinson-Humphrey Co.,

957 F.2d 851, 854 (11th Cir. 1992)(citations omitted). "Thus, 'the first task of a court asked

to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that

dispute.'" Id. (quoting Mitsubishi Motors Corp. v. Soler Chrysler- Plymouth, Inc., 473 U.S.

614, 626 (1985)).

"When deciding whether the parties agreed to arbitrate a certain matter . courts

generally ... should apply ordinary state-law principles that govern the formation of

contracts." First Options of Chicago v. Kaplan, 514 U.S. 938, 944 (1995); see also

Employers Insurance of Wausau v. Bright Metal Specialties, Inc., 251 F.3d 1316, 1322 (11th

Cir. 2001)("Federal law establishes the enforceability of arbitration agreements, while state

law governs the interpretation and formation of such agreements."). "[A]s with any other

_____

requirement of the FAA is satisfied in this case.

contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." Mitsubishi Motors Corp., *supra*, 473 U.S. at 626.

### The Existence and Scope of an Agreement to Arbitrate

Defendant has provided copies of the "New Construction Purchase and Sale Agreement" ("Agreement") and an "Enrollment Form" executed by the parties to consummate the transaction at issue. (Erickson affidavit, ¶¶ 3-4 and Exhibits B and C). The Agreement is signed by Erickson and both plaintiffs. (Erickson aff., ¶ 3 and Exhibit B (Doc. # 9-1 at p. 13)). The Agreement includes a paragraph entitled "Dispute Resolution," which provides as follows:

> Buyer and Seller agree that any construction defect claim not resolved shall be settled by arbitration through the services of an arbitrator mutually agreed upon by the parties. The decision of the arbitrator shall be final and may be enforced by any court having jurisdiction thereof. The arbitration shall be conducted in accordance with Alabama Law. Notwithstanding the provisions of this subparagraph, if Buyer is claiming under a warranty provided by the Seller, the terms and procedures of that warranty shall first apply to the resolution of the claim. In order for this paragraph to be part of this Agreement it must be initialed by Buyer and Seller; if not initialed it shall be void and unenforceable.

(Exhibit B, ¶ 16). Each of the parties initialed the provision agreeing to arbitration, which specifies that such arbitration would culminate in a final decision. (Id.).[3]

The "Enrollment Form" relates to a builder's warranty provided by Grayhawk and administered by Quality Builders Warranty Corporation ("QBW"). It also bears the parties'

---

[3] Plaintiffs have not responded to the motion, as noted previously, and do not contend that the signatures and initials on the exhibits attached to Erickson's affidavit are not theirs.

signatures, immediately below a paragraph that includes the statement, "[b]y signing, the purchaser acknowledges that he has read the attached Agreement and has received a copy of this page and the Agreement itself."  (Erickson aff., ¶ 4 and Exhibit C (Enrollment Form, Doc. # 9-3, p. 2)).  The first paragraph of the Limited Warranty Agreement includes a section that is emphasized in bold type; it advises that the agreement "includes a procedure for informal settlement of disputes" and cautions homeowners to read the entire agreement carefully.  (Exhibit D (Doc. # 9-4, p. 3)).  The "Complaint and Claim Procedure" is set forth in section VI of the warranty agreement; the four-step procedure culminates in submission of remaining disputed items to arbitration. (Doc. # 9-4, p. 17). The Limited Warranty Agreement further provides that, "[i]n states where this arbitration can be legally binding on all parties to the arbitration, then this arbitration is binding."  (Id.).

"[I]n Alabama, predispute arbitration provisions are enforceable so long as the party moving to compel arbitration proves 'the existence of a contract calling for arbitration and ... that contract evidences a transaction involving interstate commerce.'"  Hereford v. D.R. Horton, Inc., 13 So.3d 375, 379 (Ala. 2009) (citation omitted).  Under Alabama law, "[t]he elements of a valid contract include: an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract." Shaffer v. Regions Financial Corp., 29 So.3d 872, 880 (Ala. 2009)(citations and internal quotation marks omitted).

The court concludes, upon review of the uncontested evidence of the parties' written agreements, that plaintiffs agreed to submit any express warranty claims not resolved in the

earlier steps of the QBW Limited Warranty Agreement, and any other construction defect claims, to binding arbitration. Plaintiffs have not responded to the present motion and, accordingly, do not present grounds for avoidance of the contracts.  They do not argue that their agreements to binding arbitration are unenforceable for any reason under state or federal law,[4] that Grayhawk lacks standing to enforce the agreements,[5] or that any of their claims against Grayhawk fall outside the scope of their agreements to arbitrate. Accordingly, Grayhawk's motion to compel arbitration is due to be granted.

## Dismissal versus Stay

When all of the claims presented in a case are subject to binding arbitration, dismissal with prejudice is appropriate. Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992)(concluding that 9 U.S.C. § 3 "was not intended to limit dismissal of a case in the proper circumstances" and stating,"Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose.  Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be

---

[4]  See, *e.g.*, Homes of Legend, Inc. v. McCullough, 776 So.2d 741 (Ala. 2000)(holding that parties agreed to non-binding arbitration only, despite a provision purportedly requiring binding arbitration, because the limitation of remedies provision conflicted with another provision in the agreement that incorporated FTC regulations which prohibited binding arbitration).

[5]  See, *e.g.*, Jenkins v. Atelier Homes, Inc., 62 So.3d 504 (Ala. 2010)(holding that the defendant lacked standing to enforce an arbitration provision under either of the two legal theories under which an arbitration agreement may be enforced at the behest of a non-signatory to the agreement).

circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed

by law.")(citations omitted);  Halford v. Deer Valley Home Builders, 2007 WL 1229339, 3-5

(M.D. Ala. Apr. 25, 2007); Clayton v. Woodmen of the World Life Ins. Society, 981 F. Supp.

1447, 1451 (M.D. Ala. 1997).  Because plaintiffs have brought no claims against Grayhawk

that are not subject to binding arbitration, there is nothing for this court to decide on the

merits of plaintiffs' claims after arbitration.   Accordingly, plaintiffs' claims against

Grayhawk are due to be dismissed, rather than stayed.   However, because Grayhawk's

motion seeks dismissal *without* prejudice (Doc. # 9, pp. 10-12), the court will not dismiss the

claims with prejudice.

### Fictitious Defendants

As noted previously, plaintiffs assert negligence and breach of implied warranty

claims against fictitious defendants, described as "those subcontractors or vendors to the

Defendants Grayhawk Homes, Inc., who designed or constructed the home, graded the

property or site, or whose negligent design, construction, or workmanship contributed in any

way to the losses complained of herein." (Complaint, ¶ 3 and Counts VII and VIII).  Outright

dismissal of the claims against the fictitious parties might prejudice the plaintiffs by denying

them the benefit of the filing date of the present complaint as to those claims. Harris v.

Beaulieu Group, LLC, 394 F.Supp.2d 1348 (M.D. Ala. 2005).  However, plaintiffs' claims

arise entirely under state law, and there is nothing in the record to suggest that any or all of

the fictitious parties that plaintiff may identify by amendment are citizens of states other than

Alabama so as to support the court's continued exercise of jurisdiction.  The substitution of even one non-diverse defendant would destroy the court's diversity jurisdiction and, absent an amendment naming only defendants of diverse citizenship from the plaintiffs, the court cannot conclude that it has an independent basis for exercising jurisdiction over Counts VII and VIII.  In view of the dismissal of plaintiffs' claims against Grayhawk, the court can discern no good reason for continuing to exercise supplemental jurisdiction over the pending claims against fictitious defendants.  See L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414 (11th Cir. 1984)("If the federal claims are dismissed prior to trial, [United Mine Workers v. Gibbs, 383 U.S. 715 (1966)] strongly encourages or even requires dismissal of the state claims.").  Accordingly, the court will remand those remaining claims to the Circuit Court of Russell County, Alabama, the forum in which the plaintiffs chose to commence this action.

## CONCLUSION

The undisputed evidence before the court establishes that plaintiffs and defendant entered into agreements that provide for binding arbitration, and that all of the claims that plaintiffs assert against Grayhawk are within the scope of that agreement.  Accordingly, pursuant to 9 U.S.C. § 4, it is

ORDERED that defendant's motion to compel arbitration and to dismiss the claims against it without prejudice (Doc. # 9) is GRANTED.

Additionally, for the reasons set forth above, plaintiffs' remaining claims against

fictitious parties will be remanded to the Circuit Court of Russell County, Alabama.

A separate judgment will be entered.

DONE, this 21st day of October, 2015.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE